**NON-PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-1656
_____

UNITED STATES OF AMERICA

v.

DAVID JUSINO RAMIREZ,
Appellant
_____


On Appeal from the United States District Court for the
Middle District of Pennsylvania
(D.C. No. 3-20-cr-00268-002)
District Judge:  Honorable Malachy E. Mannion

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on September 18, 2023

Before: RESTREPO, McKEE, and RENDELL *Circuit Judges*

(Opinion filed October 6, 2023)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not
constitute binding precedent.

RESTREPO, *Circuit Judge*

Appellant David Jusino Ramirez ("Jusino") appeals his conviction for conspiracy and possession with intent to distribute fentanyl and methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), and 18 U.S.C. § 2. He also appeals his supervised release condition of full-time employment. For the reasons that follow, we will affirm the conviction and remand for resentencing consistent with this opinion.

**I.**

In 2020, Jusino transported large quantities of drugs from California to Pennsylvania in his commercial tractor-trailer. Jusino and two co-defendants were arrested while unloading bins containing over $2 million worth of methamphetamine and fentanyl from his tractor-trailer in exchange for cash.

During Jusino's trial, Drug Enforcement Administration ("DEA") Special Agent Shawn Frey testified as to the investigation that led to Jusino's arrest. Frey recounted his professional experience as a narcotics detective and DEA agent. Without objection, he listed his educational background, experience, and training with narcotics investigations. The government elicited testimony regarding commendations and awards Frey earned as a law enforcement officer, which the Court allowed over objection. Frey also testified to the chain of production in international drug trafficking organizations.

Before deliberation, the District Court instructed the jury that the testimony of a law enforcement officer does not necessarily hold greater or lesser weight than that of other witnesses, and each juror must determine its weight. On October 29, 2021, after a

2

five-day trial, the jury found Jusino guilty on both counts of the indictment: conspiracy[1] and possession with intent to distribute 400 grams or more of fentanyl and 500 grams or more of methamphetamine.[2]

On October 6, 2022, the District Court sentenced Jusino to 120 months' imprisonment with five years' supervised release. The District Court also imposed conditions of supervised release, which included a full-time work requirement unless excused by the probation officer. Jusino timely appealed and makes two arguments: (1) the government improperly bolstered Frey's testimony at trial, and (2) the District Court erred in imposing a full-time work requirement as a condition of Jusino's supervised release. We address each argument in turn.

## II.[3]
## A.

Jusino first argues that the government improperly bolstered Frey's testimony through the admission of irrelevant evidence regarding the agent's background. Jusino preserved objections to two lines of testimony: (1) Frey's commendations and (2) his explanation of international drug trafficking organizations. We review the admission of evidence for abuse of discretion. *United States v. Berrios*, 676 F.3d 118, 134 (3d Cir. 2012). Because Jusino did not preserve objections to Frey's testimony regarding his professional accomplishments in drug seizures and assignments in elite drug squads, we review those objections for plain error. *Id.*

---

[1] 21 U.S.C. §§ 846 and 841(b)(1)(A).
[2] 21 U.S.C. § 841(a)(1) and (b)(1)(A); 18 U.S.C. § 2.
[3] The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. This Court has appellate jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

While some portions of Frey's testimony may have been improper, we need not determine that here because any potential error did not affect Jusino's substantial rights and was, therefore, harmless. Whether we review for abuse of discretion or plain error, we need not reverse where the error was harmless. *Id.* at 134–35. An error is harmless where "it is 'highly probable that the error did not contribute to the judgment.'" *Id.* at 131 (quoting *United States v. Cross*, 308 F.3d 308, 326 (3d Cir. 2002)). Even if there is some possibility of prejudice, "we can affirm for any reason supported by the record." *Id.* To determine prejudice under the highly probable standard, we evaluate the testimony in the context of the trial, "the effect of the curative instructions, and the quantum of evidence against the defendant." *Gov't of V.I. v. Mills*, 821 F.3d 448, 461 (3d Cir. 2016) (quoting *United States v. Lee*, 612 F.3d 170, 194 (3d Cir. 2010).

Viewed in the context of the entire trial, the challenged testimony does not warrant reversal. Jusino argues that Frey's testimony about his experience and qualifications improperly appealed to jurors' emotions and fears, causing them to convict Jusino where evidence of his knowledge of the drugs he was carrying was "slight to none." Appellant Br. 29. But even where testimony improperly "appeals [to] jurors to decide cases based on passion and emotion," a conviction may only be overturned if it "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Mills*, 821 F.3d at 460 (citations omitted). Frey's testimony failed to do that.

The parties agree that the only disputed issue at trial was Jusino's knowledge of the drugs in his trailer, about which Frey did not testify. Frey's testimony explained the frequency of phone communications and in-person meetings between Jusino and his co-defendants, the

4

movement of Jusino's cell phone between California and New Jersey, the identification and surveillance of Jusino's truck, and Jusino's ultimate arrest. The government proved Jusino's knowledge through the testimony of a cooperating witness and a confidential informant, not Frey.

Finally, the District Court clearly instructed the jury that the testimony of a law enforcement officer does not necessarily "deserve[] more or less . . . weight than any other witness." JA 629–30. Considering the challenged testimony in the context of the entire trial, the overwhelming evidence against Jusino, and the District Court's curative instruction, any error was harmless because "it is highly probable that [it] did not contribute to the judgment." *Lee*, 612 F.3d at 196. Therefore, we will affirm.

**B.**

Jusino argues the District Court committed plain error when it imposed a condition of supervised release that would require him to maintain full-time employment unless excused by the probation officer. Because Jusino did not object at sentencing, we review for plain error. *United States v. Pruden*, 398 F.3d 241, 248 (3d Cir. 2005). A plain error is one that is "clear" or "obvious" and that "affects substantial rights." *United States v. Evans*, 155 F.3d 245, 251 (3d Cir. 1998) (quoting *United States v. Olano*, 507 U.S. 725, 732–34 (1993)). Because a violation of a condition of supervised release would "subject [a defendant] to further incarceration," it "will inevitably affect substantial rights." *Pruden*, 398 F.3d at 251.

The District Court has wide discretion to impose conditions on supervised release, but only as long as they are "reasonably related" to the enumerated factors in 18 U.S.C. § 3553(a). 18 U.S.C. § 3583(d). This requires that conditions "impose 'no greater deprivation of liberty

5

than is reasonably necessary' to deter future criminal conduct, protect the public, and rehabilitate the defendant." *United States v. Voelker*, 489 F.3d 139, 144 (3d Cir. 2007) (quoting 18 U.S.C. § 3583(d)(2)).

The District Court imposed all standard conditions of release without factual findings or analysis of their appropriateness to Jusino's case. Imposing the standard conditions as a matter of routine does not satisfy Section 3583(d)'s requirement that conditions must be "'reasonably related' . . . in a tangible way" to *this* crime or "something in [this] defendant's history." *Pruden*, 398 F.3d at 249 (quoting *Evans*, 155 F.3d at 249).

Jusino will be seventy-three years old when he becomes eligible for release, well past the average age of retirement.[4] Without factual findings from the District Court, it is difficult to see how requiring a seventy-three-year-old man to find employment after nearly ten years of incarceration is reasonably related to his rehabilitation, his likelihood of recidivating, or the public's protection. *See Voelker*, 489 F.3d at 144. We cannot agree with the government that legal income from full-time employment will deter him from returning to drug trafficking, particularly where Jusino was lawfully employed and used that lawful employment to commit the crime. The government provides no other relationship between the full-time work requirement and the Section 3553(a) factors.

Though the probation officer may excuse the condition or the District Court may modify the sentence, this does not overcome the effect on Jusino's substantial rights. It is impermissible

---

[4] The "normal retirement age" for a person born in 1956 is 66 years and 4 months. *Normal Retirement Age*, Social Security Administration, https://www.ssa.gov/oact/progdata/nra.html (last visited Sept. 28, 2023).

to delegate to the probation officer the authority to "decide the nature or extent of the punishment imposed upon a probationer." *Pruden*, 398 F.3d at 250. This includes the authority to decide whether a defendant will have to work full time.

The District Court has wide discretion to impose conditions on release, but it must explain its reasoning. *See* 18 U.S.C. § 3553(c). Because the District Court provided no reasoning to support a full-time work requirement on Jusino's supervised release, we remand for consideration of whether it is appropriate in Jusino's case, given his anticipated age at release.

## III.

For all of the reasons discussed, we will therefore affirm Jusino's conviction and remand to the District Court for reconsideration of the full-time work condition on his supervised release.